IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STARLING, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:13-cv-777-M-BN |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the United States magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the

District Court. *See* Dkt. No. 7. Defendant JPMorgan Chase Bank, N.A. filed a Motion

to Dismiss or, Alternatively, Motion For a More Definite Statement (the "Motion to

Dismiss") [Dkt. No. 4], seeking judgment in its favor on all claims. For the reasons

stated herein, Defendant's Motion to Dismiss should be GRANTED.

**Background**

This is an action by Plaintiffs Christopher Starling and Telicia Ann Smith,

owners of real property in Dallas, Texas (the "Property"), brought with regard to

foreclosure of that Property and against Defendant JPMorgan Chase Bank, a financial

institution doing business within the State of Texas. *See* Dkt. No. 1-1 at 8-9 of 41.

Plaintiffs brought the instant action in the 95th Judicial District Court, Dallas County,

Texas, asserting claims that Defendant (1) lacks the authority to foreclose on the

Property, (2) committed common law fraud, (3) engaged in wrongful debt collection practices, (4) violated the Texas Debt Collection Act ("TDCA"), and (5) violated the Deceptive Trade Practices Act ("DTPA"). *See id.* at 8 of 41.

Defendant timely removed the case to federal court on the basis of diversity jurisdiction, *see* Dkt. No. 1, and then filed a motion to dismiss and, alternatively, a motion for a more definite statement, *see* Dkt. No. 4. Plaintiffs filed a response and brief in opposition to Defendant's Motion to Dismiss, asserting that, should the Court find their original petition lacking in any way, Plaintiffs should be permitted to replead. *See* Dkt. No. 10. Defendant then filed a reply in support of its motion. *See* Dkt. No. 11.

## Legal Standards

In deciding a Fed. R. Civ. P. 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See Katrina Canal*, 495 F.3d at 205. Documents "'attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims,

the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Defendant attached several documents to its Motion to Dismiss, including copies of: (1) Plaintiffs' Promissory Note dated July 14, 2008 in the amount of $153,422 (the "Note"); (2) Plaintiffs' Deed of Trust dated July 14, 2008 to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Mortgageit, Inc., its successors and assigns, and recorded in the real property records of Dallas County (the "Deed of Trust"); (3) the December 1, 2010 Loan Modification Agreement between Plaintiffs and Chase Home Finance LLC (the "Loan Modification Agreement"); and (4) a screen shot

from the National Information Center showing that Defendant acquired Chase Home Finance LLC on May 1, 2011. Defendant also attached to its reply in support of its Motion to Dismiss a Corporate Assignment of Deed of Trust, showing an assignment from MERS to JPMorgan Chase Bank, N.A., recorded in Dallas County, Texas on April 3, 2012 (the "Assignment"). *See* Dkt. Nos. 6-1, 6-2, 6-3, 6-4, & 12-1.

The undersigned finds that it is permissible for these documents to be considered in making the Court's ruling on the Motion to Dismiss. Plaintiffs reference the Note, Deed of Trust, and Loan Modification Agreement (albeit not by name) in their Original Petition, *see* Dkt. No. 1-1 at 10-11, 14 of 41, and the Note, Deed of Trust, Loan Modification Agreement, and Assignment are all central to Plaintiffs' claims. Moreover, the Deed of Trust and Assignment were publicly recorded, *see* Dkt. Nos. 6-2 & 12-1, and therefore are matters of public record. As for the screenshot showing that Defendant acquired Chase Home Finance LLC, courts have taken judicial notice of mergers and acquisitions in similar cases. *See Lewis v. Wells Fargo Bank, N.A.*, No. 3:12-cv-3724-G, 2013 WL 1402317, at *2 (N.D. Tex. Apr. 8, 2013). The screenshot is from the National Information Center, which is a central repository of data about banks and other institutions for which the Federal Reserve has a supervisory, regulatory, or research interest, including both domestic and foreign banking organizations operating in the United States. Defendant's acquisition of Chase Home Finance LLC is a matter of public record, and, particularly as Plaintiffs fail to challenge that the acquisition took place, judicial notice is appropriate. *See id.*;

*Woodcock v. Chase Home Finance, LLC*, No. H-11-1199, 2012 WL 393260, at *1 (S.D. Tex. Feb. 3, 2012). For these reasons, the documents may all appropriately be considered. *See Katrina Canal*, 495 F.3d at 204-05 (holding that, when plaintiff's claims are based on terms of a contract or agreement, the contract documents are central to plaintiff's claims); *Warren v. Bank of Am., N.A.*, No. 3:11-cv-3603-M, 2012 WL 3020075, at *3 (N.D. Tex. June 19, 2012) (considering the note, the deed of trust, and the assignment from MERS to Countrywide in determining a 12(b)(6) motion to dismiss because the documents were referenced in plaintiff's complaint and central to the claims). Pursuant to Federal Rule of Evidence 201, the undersigned also takes judicial notice of the publicly recorded Deed of Trust and Assignment.

## Analysis

Plaintiffs' claims are all primarily based on the premise that Defendant did not have a legal right to foreclose. Specifically, Plaintiffs contend that Defendant lacked the legal right to foreclose because the Deed of Trust apparently has not been assigned to Defendant, *see* Dkt. No. 1-1 at 10 of 41, 14 of 41, and/or because the presence of MERS in the chain of title necessarily caused a bifurcation between the Deed of Trust and the Note, which caused any interest that Defendant has in the Property to be unsecured, *see id.* at 10-11 of 41, 13 of 41. Consequently, Plaintiffs contend that Defendant has no legal right to effect a nonjudicial foreclosure sale on the Property. *See id.* at 13-14 of 41. Plaintiffs also assert that there is ambiguity as to who holds the Note (but assert that Defendant is not the proper holder of the Note), that they need to see

documentation reflecting the assignment and transfers of the Note, and that they have sought loan assistance from Defendant but Defendant has failed to assist Plaintiffs in catching up on their mortgage loan payments. *See id.* These allegations constitute the primary basis of all of Plaintiffs' claims.

Defendant's Authority to Foreclose

Plaintiffs challenge Defendant's authority to foreclose on several grounds. First, Plaintiffs assert that "[a] review of the public records of Dallas County, Texas does not reflect any assignment, transfer or conveyance of the Deed of Trust to Defendant." Dkt. No. 1-1 at 10 of 41. However, it is a matter of public record that the Deed of Trust was, in fact, transferred from MERS to Defendant. *See* Dkt. No. 12-1.

To the extent that Plaintiffs challenge MERS's capacity to assign the Deed of Trust, that assertion fails as a matter of law. Here, the Deed of Trust named MERS as the beneficiary, making it the original mortgagee. *See* TEX. PROP. CODE § 51.0001(4)(A); Dkt. No. 6-2 at 1-2. The Deed of Trust also identified MERS as the nominee for the Lender and its successors and assigns. *See* Dkt. No. 6-2 at 2. As the beneficiary of the Deed of Trust, MERS held legal title to the Property and had the right to foreclose and sell the Property upon default, and therefore MERS had the inherent authority to assign the note and deed of trust. See *Coleman v. Bank of N.Y. Mellon*, No. 3:12-cv-4783-M-BH, 2013 WL 1187158, at *3 (N.D. Tex. Mar. 4, 2013), *rec. adopted*, 2013 WL 1189264 (N.D. Tex. Mar. 21, 2013). "Any assignment by MERS was therefore valid, and any assignee became the new mortgagee and acquired all of MERS's rights." *Id.*; *accord*

*Chevez v. HSBC Bank USA, Nat. Ass'n*, No. 3:12-cv-3686-L, 2013 WL 1335611, at *4 (N.D. Tex. Mar. 1, 2013), *rec. adopted*, 2013 WL 1338219 (N.D. Tex. Apr. 3, 2013). And the Assignment, available in the public records, shows that the Deed of Trust was assigned from MERS to Defendant. *See* Dkt. No. 12-1.

Plaintiffs also argue that "the presence of MERS in the chain of title necessarily caused a bifurcation between the deed of trust and the promissory note at which time any interest in the Property became unsecured;" thus, an attempt to enforce the original promissory note through foreclosure would be unlawful. Dkt. No. 1-1 at 11 of 41. The Fifth Circuit has recently rejected Plaintiffs' argument, which has been dubbed the "split-the-note" theory. *See Martins v. BAC Home Loans Serv., L.P.*, ___ F.3d ____, 2013 WL 3213633 (5th Cir. Jun. 26, 2013). In *Martins*, the Fifth Circuit declined to rely on *Carpenter v. Longan*, 83 U.S. 271, 274 (1872), a case cited by Plaintiffs here, because the Court in *Carpenter* was addressing Colorado Territorial law and federal common law, neither of which control the undersigned's interpretation of federal law. *See Martins*, 2013 WL 3213633, at *2. Further, despite recognizing a "few" sources in Texas law that support the "split-the-note" theory, the Fifth Circuit noted that the "weight of Texas authority" suggests the opposite. *Id.* at *3. The Fifth Circuit concluded:

> The "split-the-note" theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself. Here, the mortgage was assigned to MERS, and then by MERS to BAC – the assignment explicitly included the power to foreclose by the deed of trust. MERS and BAC did not need to possess the note to foreclose.

*Id.* at *4.

In this case, Defendant is both the mortgage servicer and the mortgagee. *See* TEX. PROP. CODE § 51.0001(3), (4)(c); Dkt. No. 12-1 (showing that Defendant has a valid assignment and is therefore the mortgagee); Dkt. No. 6-3 (showing that Defendant is the person to whom Plaintiffs have been instructed by the current mortgagee to send payments for the debt secured by a security and is therefore the mortgage servicer). Both the mortgagee and the mortgage servicer have the authority to foreclose. *See* TEX. PROP. CODE § 51.0025; *Reynolds v. Bank of America, N.A.*, No. 3:12-cv-1420-L, 2013 WL 1904090, at *8 (N.D. Tex. May 8, 2013).

Because Defendant has the authority to foreclose, Plaintiffs' claims that Defendant lacked authority to foreclose based on the split-the-note theory and Defendant's lack of assignment should be dismissed with prejudice. *See Martins*, 2013 WL 3213633.

Common Law Fraud

Under Texas law, a fraud claim requires proof of the following elements: (1) a material representation was made; (2) the representation was false when made; (3) the speaker either knew the representation was false or made it without knowledge of its truth; (4) the speaker made the representation with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result. *See Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004) (applying Texas law).

Plaintiffs premise their common law fraud claim on the same allegations discussed above – that Defendant made "[a] material misrepresentation ... as to [Defendant's] ability and willingness to accept mortgage payments and to potentially modify the note," Dkt. No. 1-1 at 18 of 41, and "made a representation to Plaintiffs that it had the authority to carry out actions against Plaintiffs including ... the act of foreclosing on Plaintiffs' property when it did not have such authority," Dkt. No. 10 at 8. Plaintiffs allege that these misrepresentations were made to induce Plaintiffs to pay fees and make mortgage loan payments to Defendant, resulting in financial injury to Plaintiffs. *See* Dkt. No. 1-1 at 18 of 41.

However, as discussed above, Defendant did have authority to foreclose on the Property; as such, Plaintiffs have failed as a matter of law to allege that Defendant made an actual misrepresentation regarding its authority. There is not, then, even the "sheer possibility that [Defendant] has acted unlawfully." *Iqbal*, 556 U.S. at 678. Plaintiffs' claim for common law fraud based on Defendant's failure to prove it is the actual holder of the Note should be dismissed with prejudice.

With regard to the allegations as to Defendant's willingness to accept payments, Defendant correctly notes that Fed. R. Civ. P. 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake" and that Texas state law fraud claims are subject to this requirement. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where

the statements were made, and explain why the statements were fraudulent.'" *Id.* at 551 (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). Here, Plaintiffs have not adequately specified any statements or representations that Defendant made that they contend are fraudulent, nor have they identified the speaker or indicated when and where any fraudulent statements or representations were made. *See id.* At this stage, any fraud claims that Plaintiffs may be raising are nothing more than generalized complaints, but the undersigned cannot definitively conclude, as Defendant asserts, that Plaintiffs "cannot" identify any misrepresentations made to them by Defendant. Dkt. No. 5 at 5.

Insofar as it is based on alleged misrepresentations as to Defendant's ability and willingness to accept mortgage payments and to potentially modify the Note, Plaintiffs' fraud claim should be dismissed without prejudice to Plaintiffs' repleading to satisfy Rule 9(b)'s standards.

## The Texas Debt Collection Act

The TDCA is the statutory embodiment of common law unreasonable collection practices and prohibits use of deceptive means, making misrepresentations, harassment, and threats in the course of collecting a consumer debt. *See* TEX. FIN. CODE §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), (a)(19). Section 392.304(a)(8) states that, "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that ... misrepresent[s] the character, extent, or amount of a consumer

debt." For a statement to constitute a misrepresentation under the TDCA, Defendant must have made a false or misleading assertion. *See Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App. – Fort Worth June 29, 2006, pet. denied).

Plaintiffs allege that Defendant's attempts to collect money from Plaintiffs and to initiate foreclosure proceedings are illegal under Section 392.301 of the TDCA because Defendant lacks authority to collect on the Note. The undersigned has already rejected Plaintiffs' argument that Defendant lacked authority to foreclose, and Plaintiffs' identical allegations fare no better under the TDCA. *See Johnson v. JPMorgan Chase Bank, N.A.*, No. 4:12-cv-285, 2013 WL 2554415, at *16 (E.D. Tex. June 7, 2013).

Plaintiffs further assert that "Defendant has threatened to foreclose on Plaintiffs' residence. This was coercive and threatening. This conduct was abusive and harassing." Dkt. No. 1-1 at 19 of 41. However, the TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3); *Sweet v. Wachovia Bank and Trust Company*, No. 3:03-cv-1212-R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004). And Plaintiffs' allegations regarding fraud, assignment, and Defendant's authority are contradicted by the documents central to their claim, and the documents prevail. Under these circumstances, the threat of foreclosure cannot be considered an "action prohibited by law." *See Smith v.*

*Wells Fargo Bank, N.A.*, No. 3:12-cv-4633-K-BN, 2013 WL 3324195, at *11 (N.D. Tex. June 28, 2013).

However, Plaintiffs also plead that Defendant violated the notice provision of the TDCA by allowing Plaintiffs 30 days to dispute the debt and then posting the Property prior to the expiration of the permitted 30 days. *See* Dkt. No. 1-1 at 19 of 41. Defendant is silent as to these accusations. The failure to send a legally-mandated notice can be the basis of a Section 392.301(a)(8) claim. *See Gatling v. CitiMortgage*, No. H-11-2879, 2012 WL 3756581, at *10 (S.D. Tex. Aug. 28, 2012). The Texas Supreme Court has stated that one of the main purposes of "[t]he statutory notice provisions of section 51.002" is to "protect the debtor by affording him a lengthy notice period in which he may cure." *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 674 (1987). Strict compliance is required with the Texas Property Code's nonjudicial foreclosure notice requirements. *See Gaitling*, 2012 WL 3756581, at *12; *McIntosh v. U.S. Bank Nat'l Ass'n*, H-11-3874, 2012 WL 75141, at *2 (S.D. Tex. Jan. 10, 2012); *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011); *G4 Trust v. Consol. Gasoline, Inc.*, No. 02-10-00404-cv, 2011 WL 3835656, at *3 (Tex. App. – Fort Worth Aug. 31, 2011, pet. denied) (citing cases); *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 609 (Tex. App. – Corpus Christi 2005, pet. denied). But the Texas Supreme Court has recently reaffirmed "that minor defects in an otherwise valid foreclosure sale do not void it." *Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 628 (Tex. 2011) (per curiam). Such minor defects include the deed of trust's omission of a

partnership designation, *see id.*; the notice of default stating the incorrect amount of principal and interest, *see Powell v. Stacy*, 117 S.W.3d 70, 75 (Tex. App. – Fort Worth 2003, no pet.); or the notice of foreclosure sale failing to state a specific time on the date on which the sale was to occur, *see Sanders v. Shelton*, 970 S.W.2d 721, 726 (Tex. App. – Austin 1998, pet denied.). Failing to give Plaintiffs the period of time specified in the notice is, however, not the type of minor noncompliance that the case law overlooks.

Nevertheless, it appears that Defendant has not yet foreclosed on the property, and therefore Plaintiffs have not alleged an actionable injury resulting from Defendant's conduct. Generally, "mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *Johnson*, 2013 WL 2554415, at *14.

Although Plaintiffs have not stated a claim, it is not clear that Plaintiffs have pleaded their best case. As such, Plaintiffs should be permitted to replead their claim under the TDCA as to Defendant's alleged violation of the notice requirement.

Defendant also argues that Plaintiffs fail to allege that Defendant is a debt collector, an element of a TDCA claim. The undersigned notes that the TDCA's general definition of "debt collector" includes all persons "who directly or indirectly engage[] in debt collection" and may include mortgage holders and servicers. TEX. FIN. CODE § 392.001(6). Thus, "the TDCA's definition of 'debt collectors' is intended to encompass creditors collecting their own debts." *Gatling*, 2012 WL 3756581, at *9 (internal quotation marks and citations omitted). Because Defendant is attempting to collect on

the mortgage note and foreclose on the Property, it is a debt collector under the TDCA. *See Auriti v. Wells Fargo Bank, N.A.,* 3:12-cv-334, 2013 WL 2417832, at *7 (S.D. Tex. Jun. 3, 2013).

Deceptive Trade Practices Act

Plaintiffs claim that Defendant violated the Deceptive Trade Practices Act ("DTPA") because Defendant acted unconscionably in initiating foreclosure proceedings. *See* Dkt. No. 1-1 at 20 of 41. Defendant asserts that Plaintiffs' DTPA claim fails because Plaintiffs lack standing as a consumer under the DTPA. *See* Dkt. No. 5 at 8. In their Response, Plaintiffs state that they "have reviewed and considered this pleading and are in agreement with Defendant on this point. Therefore, Plaintiffs will amend their complaint and delete their claims under the TDCA."[1] Dkt. No. 10 at 11.

To meet the DTPA standing requirement, a complaining party must plead and prove that he or she is a "consumer" as defined in the DTPA. *See* TEX. BUS. & COM. CODE § 17.50(a); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2010 WL 1026968, at *9 (E.D. Tex. Feb. 16, 2010), *rec. adopted* 2010 WL 1026969 (E.D. Tex. Mar. 17, 2010). To establish consumer status under the DTPA, a plaintiff must be "an individual ... who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4).

---

[1] Plaintiffs presumably intended "DTPA" rather than "TDCA," because they defend their TDCA claims and include the quoted sentence after a header referencing the DTPA. *See* Dkt. No. 10 at 10-11.

Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *See Gomez v. Wells Fargo Bank, N.A.*, No. 3:10-cv-0381-B, 2010 WL 2900351, at *3 (N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the DTPA); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp. 2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 567 (Tex. 1984). However, a party who obtains a loan that is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer. *See Knight v. Int'l Harvester Credit Corp.*, 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA).

Here, Plaintiffs appear to concede that they were not consumers, and Plaintiffs' Original Petition fails to otherwise state facts sufficient to show that they could be treated as consumers under the governing case law. Because Plaintiffs decline to

-16-

defend their DTPA claim, the undersigned assumes that Plaintiffs have plead their best case and recommends that Plaintiffs' DTPA claim be dismissed with prejudice.[2]

Declaratory Judgment and Injunctive Relief

In their Original Petition, Plaintiffs "assert they have the right to have an accounting of their payments and debt and to require any debt collection or other attempts to take possession of the property be authorized by court order only." Dkt. No. 1-1 at 16 of 41. Plaintiffs premise their claim, again, on allegations that Defendant is not the holder of the Note secured by the Deed of Trust. *See id.* at 17 of 41. Defendant responds that the Court should dismiss Plaintiffs' claim because Plaintiffs fail to plead facts showing a substantial likelihood Plaintiffs will suffer injury. *See* Dkt. No. 5 at 9.

Because the undersigned has determined that none of Plaintiffs' claims can withstand dismissal, Plaintiffs' requests for declaratory and injunctive relief as well as an accounting cannot survive. Declaratory judgment and injunctive relief are forms of relief based on underlying claims. *See Collin Cnty. Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory judgment); *Cook v. Wells Fargo Bank*, N.A., No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief). An accounting also is an

---

[2] Just prior to conceding their DTPA claim, Plaintiffs' Response to the Motion to Dismiss begins to address whether they are consumers under the TDCA – a requirement that Defendant does not even challenge in its Motion to Dismiss. *See* Dkt. No. 10 at 10. However, even in this instance, Plaintiffs stop short of asserting that they are, in fact, consumers. *See id.*

equitable remedy that is not an independent cause of action. *See Henry v. CitiMortgage, Inc.*, No. 4:11-cv-83, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011).

For these reasons, Plaintiffs' claims for declaratory judgment, injunctive relief, and an accounting should be dismissed without prejudice.

## Recommendation

The Court should grant Defendant's motion to dismiss [Dkt. No. 4] with prejudice as to Plaintiffs' claims based on: (1) Defendant's lack of authority to foreclose; (2) common law fraud insofar as it is based on Defendant's lack of authority to carry out actions against Plaintiffs; (3) the Texas Debt Collect Act based on based on Defendant's lack of authority; and (4) the Deceptive Trade Practices Act. The Court should grant Defendant's motion to dismiss without prejudice as to (1) Plaintiffs' common law fraud claim insofar as it is based on alleged misrepresentations as to Defendant's ability and willingness to accept mortgage loan payments and to potentially modify the Note; (2) Plaintiffs' Texas Debt Collect Act claim based upon Defendant's violation of the 30-day notice requirement; and (3) Plaintiffs' requests for declaratory judgment, injunctive relief, and an accounting. The Court should grant Plaintiffs 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those claims that should be dismissed without prejudice and should order that, if Plaintiffs fail to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 9, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE